United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR FOX,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | Case No. 21-cv-04993-JD<br><br>**ORDER RE STAY AND SHOW CAUSE**<br><br>Re: Dkt. Nos. 11, 12 |

Lamar Fox, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was stayed pending the resolution in the California Supreme Court of *In re Lopez*, No. S258912. Petitioner indicates that the California Supreme Court issued a ruling in *Lopez* that is beneficial to him and that his claims are exhausted.

## BACKGROUND

Petitioner and a codefendant were found guilty by a jury of murder, attempted murder and related offenses. *People v Thompkins*, 50 Cal. App. 5th 365, 375 (May 1, 2020). Petitioner was sentenced to life in prison without the possibility of parole, plus 224 years to life. *Id*. The California Court of Appeal affirmed the judgment but remanded the case for resentencing on several counts. *Id*. at 420. On August 26, 2020, the California Supreme Court denied review. Petition at 2.

## DISCUSSION

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## LEGAL CLAIMS

As grounds for federal habeas relief, petitioner asserts that: (1) his conviction must be reversed because he was found guilty on a legally invalid theory of criminal liability: the natural and probable consequence doctrine; and (2) the trial court erred by refusing to give jury instructions regarding voluntary intoxication. Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

1. Petitioner's motions to lift the stay (Dkt. Nos. 11, 12) are granted. The stay in this case (Dkt. No. 10) is lifted and the case is reopened. The Clerk will serve by electronic mail a copy of this order on the Attorney General of the State of California at SFAWTParalegals@doj.ca.gov. The Clerk will serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 1).

2. Respondent will file with the Court and serve on petitioner, within eighty-four (84) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent will file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he may do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due eighty-four (84) days from the date this order is entered. If a motion is filed, petitioner may file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent may file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 17, 2023

JAMES DONATO
United States District Judge